## Commonwealth v. Peters

Before HONEYMAN and TREDINNICK, JJ.

*Francis Tarquini,* for Commonwealth.

*Thomas Garrity* and *Burton Spear,* for condemnees.

TREDINNICK, J., September 29, 1972.—On December 30, 1970, the Department of Forests and Waters of the Commonwealth of Pennsylvania filed a declaration of taking with this court, thereby condemning a 49.4 acre tract in Skippack Township belonging to Doctor and Mrs. Joseph Peters and via a series of trusts, their children. The declaration recites as statutory authority for the condemnation, section 1086(b) of the Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §466(b).

Condemnees have filed preliminary objections thereto. After an evidentiary hearing and argument before the court en banc, the matter is ready for disposition.

Section 1806(b) provides as follows:

"(b) For the purpose of promoting healthful outdoor recreation and education, and making available for such use natural areas of unusual scenic beauty, especially such as provide impressive views, water falls, gorges, creeks, caves, or other unique and interesting features, to acquire, in the name of the Commonwealth, by purchase, gift, lease, or condemnation, any lands which, in the judgment of the department, should be held, controlled, protected, maintained and utilized as State park lands. Such lands may be purchased . . . subject to . . . reservations . . . : Provided, however, that the amount expended for the acquisi-

tion of lands for State park purposes shall not exceed the amount specifically appropriated for such purposes;"

The condemnees contend that the evidence establishes their property *not* to be of "unusual scenic beauty" as that phrase is qualified in the statute, and, therefore, the department was without power to condemn. It must be conceded that, viewed as an entity in and of itself, the tract cannot be so described. However, in so narrowly construing the statute, the condemnees have clearly missed the import of the statute. There are two express purposes for which land may be acquired under that section: (1) To *promote* outdoor recreation and education, and (2) to make available for such use, areas of scenic beauty. Obviously, outdoor recreation and education may be fostered by acquisition of land without "unusual scenic beauty." Ordinary scenic beauty serves very well for many a recreational park. Certainly, unusual scenic features may enhance the recreational possibilities of land, and the statute very properly emphasizes the desirability of such acquisition, but such attributes are hardly an absolute requisite. To interpret the statute as condemnees urge would be to severely restrict the ability of the State to provide open space for recreation, producing a result clearly not intended by the legislature. This property was condemned as part of the Evansburg State Park Project. There is no credible evidence that the department acted arbitrarily or capriciously in determining that this land should be held for such purpose.

Condemnees also allege numerous procedural defects. A careful review of the procedures followed by the Commonwealth leaves us convinced that substantially all of the requirements of the Eminent Domain Code of June 22, 1964, Special Sessions, P. L. 84,

secs. 402, 405, 26 PS §§1-402, 1-405, were properly followed and no prejudice resulted to the condemnees. The fact that previous to the declaration of taking the Peters were informed the condemnation was authorized under Project 70 is immaterial. The change was due to funding and was not an attempt to circumvent the requirements of Project 70, which were, in any event, followed. Although condemnation proceedings affecting the rights of individual citizens should be strictly construed, the standard of strict construction does not apply to nonprejudicial irregularities in the procedural aspects of the condemnation: Avery et ux. v. Commonwealth of Pennsylvania, 2 Com. Ct. 105, 109 (1971).

Accordingly, we enter the following

## ORDER

And now, September 29, 1972, condemnee's preliminary objections are dismissed.